IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| OSCAR ORONA, Individually, and as | § | |
| Next Friend of N.O., a Minor; | § | |
| CRISTINA OLIVAREZ, Individually, and as | § | |
| Next Friend of K.O., a Minor; | § | |
| ANGELICA RODRIGUEZ, Individually, | § | |
| and as Next Friend of L.G., a Minor; | § | |
| JOSE FLORES, Individually, and as | § | |
| Next Friend of J.F., Jr., Deceased; | § | |
| MANUEL LOZANO, Individually; | § | |
| LYLINA GARCIA, Individually; | § | |
| ALEJANDRO GARCIA, Individually, and | § | |
| as Representative of the Estate of Irma | § | |
| Garcia, Deceased; and | § | |
| ELSA AVILA | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | CASE NO. _2-24-cv-00074_____ |
| | § | |
| DANIEL DEFENSE, LLC; | § | |
| DANIEL DEFENSE HOLDINGS, LLC; | § | |
| M.C. DANIEL GROUP, INC.; | § | |
| FIREQUEST INTERNATIONAL, INC.; | § | |
| FLASH CO., INC.; | § | |
| PROJECT ECHO HOLDINGS, LLC d/b/a | § | |
| AMERICAN HOLOPTICS; | § | |
| KOUCAR MANAGEMENT, LLC; and | § | |
| OASIS OUTBACK, LLC | § | |
| *Defendants* | § | |

**DANIEL DEFENSE, LLC f/k/a DANIEL DEFENSE, INC., DANIEL DEFENSE
HOLDINGS, LLC, AND M.C. DANIEL GROUP, INC.'S NOTICE OF REMOVAL**

COME NOW Daniel Defense, LLC f/k/a Daniel Defense, Inc., Daniel Defense Holdings,

LLC, and M.C. Daniel Group, Inc. (collectively here, "Daniel Defense"), defendants in a cause

styled: No. 2024-05-35547-CV*; Oscar Orona, et al v. Daniel Defense, LLC, Daniel Defense, Inc.,*

*Daniel Defense Holdings, LLC, M.C. Daniel Group, Inc., Firequest International, Inc., Flash Co.,*

*Inc., EOTech, LLC, Project Echo Holdings, LLC d/b/a American Holoptics, Koucar Management,*

1

168168

*LLC, and Oasis Outback, LLC*; in the 38th District Court, Uvalde County, Texas and, pursuant to the terms and provisions of 28 U.S.C. §§ 1441(a) and 1446(b), hereby file this Notice of Removal of said cause to the United States District Court for the Western District of Texas, Del Rio Division.  As grounds for removal, Daniel Defense respectfully shows the Court as follows:[1]

## I.
## NATURE OF THE CASE AND BASIS FOR REMOVAL

Plaintiffs originally filed this lawsuit on May 24, 2024.  This lawsuit arises out of the May 24, 2022 shooting at Robb Elementary School.  Plaintiffs sue Defendants allegedly connected to the manufacture and sale of the rifle, and other components, used in the shooting.  Plaintiffs assert various claims against Defendants and request actual and exemplary damages.  *See* Ex. A-2 (Plaintiffs' Petition).

Plaintiffs have yet to serve Daniel Defense, LLC, Daniel Defense, Holdings, LLC, and M.C. Daniel Group, Inc.

The basis for removal is diversity jurisdiction.  The only ground for defeating diversity jurisdiction is the presence of Defendant Oasis Outback, LLC ("Oasis Outback") who is alleged to be a Texas limited liability company. Ex. A-2, ¶ 3.16.  As shown below, however, Plaintiffs improperly joined Oasis Outback, and there is complete diversity between Plaintiffs and the remaining Defendants.  Additionally, removal is not precluded by the "forum-defendant rule."

Daniel Defense timely removes this case prior to receiving service.

---

[1] Daniel Defense attaches as Exhibit A to this Notice of Removal its Index of Matters Being Filed that includes the docket sheet of the underlying state court action, the petition and service papers.  A copy of the Certificate of Interested Persons and Rule 7.1 Disclosure Statement is attached as Exhibit B.

Pursuant to 28 U.S.C. § 1441, Daniel Defense removes this action to the District Court of the United States for the district and division embracing the county where this state court action is pending.

Daniel Defense will serve written notice of the removal on Plaintiffs and a copy will be filed with the Uvalde County District Clerk promptly after this Notice of Removal is filed.

This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Daniel Defense satisfied the procedural requirements for removal.  And as demonstrated below, this Court has subject matter jurisdiction over this diversity action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and the only properly joined parties are citizens of different states.

## II.
## DIVERSITY JURISDICTION

In support of this Notice, Daniel Defense shows that because: (1) the amount in controversy exceeds $75,000.00, and (2) Plaintiffs and all the Defendants (apart from the improperly joined Oasis Outback) are citizens of different states, there is complete diversity of citizenship.  Thus, removal is proper because the diversity requirements are met, this removal is filed within thirty (30) days of receiving service of suit, and it has been less than one year since this action was originally commenced.  *See* 28 U.S.C. § 1446(b)-(c).

**A.      The amount in controversy exceeds $75,000.00.**

Plaintiffs allege they seek damages in excess of $1,000,000.00.   Ex. A-2, ¶ 48. Accordingly, the amount in controversy requirement is satisfied.

**B.      There is complete diversity between Plaintiffs and all Defendants apart from improperly joined Oasis Outback.[2]**

Plaintiffs allege they all reside in Texas.  Ex. A-2, ¶¶ 21-28.

Defendants Daniel Defense, LLC f/k/a Daniel Defense, Inc. represents it is a limited liability company organized in the State of Georgia.  The sole member of Daniel Defense, LLC is Daniel Defense, Holdings, LLC which is a limited liability company organized in the State of Georgia.  The members of Daniel Defense Holdings, LLC are M.C. Daniel Group, Inc., Marty Daniel, and Servant Foundation d/b/a The Signatry. M.C. Daniel Group, Inc. is a corporation organized in Georgia with its principal place of business in Georgia.  Marty Daniel is an individual who is domiciled in Georgia.  Servant Foundation d/b/a The Signatry is a corporation organized in the State of Missouri with its principal place of business in Kansas.  As of the date this lawsuit was filed, and the date of removal, no member of Defendant Daniel Defense, LLC or Daniel Defense Holdings, LLC is a citizen of Texas.  Ex. C.

Plaintiffs allege Defendant Firequest International, Inc. is an Arkansas corporation.  Ex. A-2, ¶ 33.  Firequest International, Inc.'s principal place of business is in Arkansas.

Plaintiffs allege Defendant Flash Co., Inc. is a Colorado corporation.  Ex. A-2, ¶ 35.  Flash Co., Inc.'s principal place of business is in Colorado.

Plaintiffs allege EOTech, LLC is limited liability company organized in Michigan.  Ex. A-2, ¶ 40.  According to Michigan state filings, the listed member of EOTech, LLC is a Michigan resident.  Ex. D.

---

[2] "[D]iversity of citizenship must exist *both* at the time of filing in state court *and* at the time of removal to federal court." *Ashford v. Aeroframe Services, L.L.C.*, 907 F.3d 385, 386 (5th Cir. 2018) (italics in original); *see In re Levy*, 52 F.4th 244, 246 (5th Cir. 2022) (same); *Waterbridge Tex. Operating, LLC v. Petro Guardian, LLC*, No. 23-CV-00034-DC-DF, 2024 WL 1580199, at *4 (W.D. Tex. Apr. 11, 2024), *report and recommendation adopted*, No. 23-CV-00034-DC, 2024 WL 1994261 (W.D. Tex. May 6, 2024) (same).

168168

Plaintiffs allege Project Echo Holdings, LLC d/b/a American Holoptics is a limited liability company organized in Michigan.  Ex. A-2, ¶ 41.  According to Michigan state filings, the listed member of Project Echo Holdings, LLC is a Michigan resident.  Ex. E.

Plaintiffs allege Koucar Management, LLC is a limited liability company organized in Michigan.  Ex. A-2, ¶ 42.  According to Michigan state filings, the listed member of Koucar Management, LLC is a Michigan resident.  Ex. F.

### C.   Oasis Outback is improperly joined and, thus, its citizenship is not considered.

Plaintiffs allege Oasis Outback is a Texas limited liability company with its principal place of business in Uvalde, Texas.  Ex. A-2, ¶ 3.16.  According to publicly available records, at least one member of Oasis Outback is a Texas citizen.  Ex. G.  However, because Plaintiffs have improperly joined Oasis Outback, complete diversity remains, and the Court has jurisdiction over this matter.

### 1.   The standard for improper joinder.

In *Smallwood*, the Fifth Circuit reaffirmed the two ways to establish improper joinder, including:

> "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  Only the second way is before us today, and we explained in *Travis v. Irby* that the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.  ***To reduce possible confusion, we adopt this phrasing of the required proof and reject all others***, whether the others appear to describe the same standard or not.

*Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*) (emphasis added); *see Pace v. Cirrus Design Corp.*, 93 F.4th 879, 889 (5th Cir. 2024) (same); *Advanced Indicator & Mfg., Inc. v. Acadia Ins. Co.*, 50 F.4th 469, 473 (5th Cir. 2022) (same); *Mimosa Properties, LLC*

*v. Third Coast Ins. Co.*, No. DR-22-CV-008–AM/CW, 2023 WL 11691700, at *3 (W.D. Tex. Mar. 31, 2023) (same); *Morris v. De Luna*, No. DR-20-CV-025-AM-VRG, 2021 WL 2980715, at *2-3 (W.D. Tex. Feb. 4, 2021), *report and recommendation adopted*, 2021 WL 2981301 (W.D. Tex. Mar. 18, 2021) (same).

Under the second prong, the standard is whether the defendant has demonstrated that there is **no reasonable basis** to predict that the plaintiff might be able to recover against the in-state defendant.  "[A] removing defendant [need not demonstrate an absence of *any possibility* of recovery in state court] . . . the defendant must demonstrate only that there is *no reasonable basis* for predicting that the plaintiff will recover in state court."  *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004) (emphasis in original); *Advanced Indicator & Mfg., Inc.*, 50 F.4th at 473; *Morris*, 2021 WL 2980715, at *2-3.  A "mere theoretical possibility of recovery under local law" will not preclude a finding of improper joinder.  *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000); *Smallwood*, 385 F.3d at 573, n. 9; *Morris*, 2021 WL 2980715, at *3.[3]

To determine whether there is a reasonable basis to recover under state law, under the second prong, the Fifth Circuit outlined two separate methods.

> There has also been some uncertainty over the proper means for predicting whether a plaintiff has a reasonable basis of recovery under state law. A court may resolve the issue in one of two ways**. *The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant*. . . .**  That said, there are cases, hopefully

---

[3] In considering whether a plaintiff has a reasonable basis for recovery on at least one claim under state law, the district court is limited to the causes of action and allegations asserted in the petition on file at the time of the removal.  "Post-removal filings may not be considered, however, when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court."  *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *see Ayala v. Enerco Group, Inc.*, 569 Fed. Appx. 241, 245 (5th Cir. 2014) (same); *Barrera v. Allstate Ins. Co.*, No. DR-16-CV-0037-AM-VRG, 2017 WL 3274469, at *7 (W.D. Tex. Mar. 6, 2017), *report and recommendation adopted*, 2017 WL 3274357 (W.D. Tex. Mar. 21, 2017) (same).

few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder. In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood*, 385 F.3d at 573 (emphasis added).  Daniel Defense briefly discusses the standards for each method.

### a.      Improper joinder based on a Rule 12(b)(6) analysis.

When considering improper joinder, federal pleadings standards apply.  *International Energy Ventures Mgmt., L.L.C. v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016); *Pena v. City of Rio Grande City*, 879 F.3d 613, 617 (5th Cir. 2018);  *Morris*, 2021 WL 2980715, at *3.  *Twombly* and *Iqbal* provide the parameters for federal pleading standards.

First, the district court should identify and disregard "pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (stating "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and ***a formulaic recitation of the elements of a cause of action will not do***") (emphasis added); *see also Rios v. City of Del Rio,* 444 F.3d 417, 420-21 (5th Cir. 2006) (explaining that pleadings must contain either direct allegations on every material point necessary to sustain a recovery or else contain allegations from which an inference fairly may be drawn that sufficient evidence will be introduced at trial); *see Cook v. City of Tyler*, 402 F.Supp.3d 339, 341 (E.D. Tex. 2019), *appeal dismissed sub nom.*, 974 F.3d 537 (5th Cir. 2020) (stating "[c]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss"); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ("In order to avoid dismissal for failure to state a claim, however, ***a plaintiff must plead specific facts, not mere conclusory allegations***.  We will thus not accept as true conclusory allegations or

7

unwarranted deductions of fact.") (emphasis added).  Stated simply, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

Next, the district court "consider[s] the factual allegations in [the plaintiffs'] complaint to determine if they plausibly suggest an entitlement to relief."  *Iqbal*, 556 U.S. at 681; *Moini v. Univ. of Tex. at Austin*, No. A-10-CA-180-SS, 2011 WL 90472, at *12 (W.D. Tex. Jan. 10, 2011).

### b.      Improper joinder based on piercing the pleadings.

A summary inquiry is appropriate when the face of the pleadings appears to support joinder, but certain jurisdictional facts are misstated or omitted.  *Smallwood*, 385 F.3d at 573.  In such cases, the court has the discretion to pierce the pleadings and conduct a summary inquiry in order "to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."  *Id.* at 573-74; *see also B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 551 (5th Cir. 1981) (evidentiary hearing appropriate where removing party contends plaintiff's pleadings contain misrepresentations of jurisdictional fact).  Summarily stated:

> . . . where a plaintiff has stated a claim but "misstated or omitted discrete facts that would determine the propriety of joinder," a court may pierce the pleadings and conduct a summary inquiry considering summary judgment-type evidence to determine whether a plaintiff has a reasonable possibility of recovery in state court.

*Figueroa v. Gen. Motors Corp.*, No. EP07CV297PRM, 2008 WL 4372700, at *3 (W.D. Tex. Sept. 15, 2008); *see also Badon v. RJR Nabisco, Inc.*, 224 F.3d at 390; *LeJeune v. Shell Oil Co.*, 950 F.2d 267, 271 (5th Cir. 1992) ("A court is to pierce the pleadings to determine whether, under controlling state law, the non-removing party has a valid claim against the non-diverse parties.").

The removing party may submit evidence outside the pleadings in order to establish that a plaintiff has no reasonable basis to expect recovery from the resident defendant.  *Badon v. RJR Nabisco, Inc.*, 224 F.3d at 390.  For example, a defendant may submit affidavits and deposition

8

transcripts in support of its removal petition.  *B., Inc.*, 663 F.2d at 549; *Carriere v. Sears, Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).  District courts may consider summary judgment-type evidence to identify "discrete facts" that would show that a defendant was improperly joined.  *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. Appx. 911, 915-916 (5th Cir. 2009).

### 2.      Oasis Outback is improperly joined.

Complete diversity does not exist if Oasis Outback is properly joined.  Plaintiffs assert claims against Oasis Outback for negligence, negligence per se, and gross negligence.  Ex. A-2, ¶¶ 103-112, 120-122, 123-128.  But, as shown below, Plaintiffs have no reasonable probability of recovering against Oasis Outback on these claims and, thus, it is improperly joined.

When a plaintiff's pleadings demonstrate than an in-state defendant is immune from suit, courts will hold such defendants as improperly joined and deny requests to remand.  *See Odar v. Felix Energy Holdings II LLC*, No. PE:21-CV-00079-DC-DF, 2022 WL 1115407, at *8–9 (W.D. Tex. Apr. 12, 2022), *report and recommendation adopted*, 2022 WL 1514644 (W.D. Tex. May 13, 2022) (concluding in-state defendant was improperly joined and diversity jurisdiction remained when petition demonstrated in-state defendant was immune from claims under the Texas Worker's Compensation Act); *Sanchez v. Wells Fargo Bank, N.A.*, No. SA-20-CV-188-XR, 2020 WL 2086549, at *2–3 (W.D. Tex. Apr. 30, 2020) (holding in-state defendant was improperly joined when plaintiff's allegations demonstrated attorney immunity); *L'Amoreaux v. Wells Fargo Bank, N.A.*, No. A-13-CV-052-LY, 2013 WL 12098738, at *1–2 (W.D. Tex. July 15, 2013), *aff'd sub nom.*, 755 F.3d 748 (5th Cir. 2014) (finding improper joinder when in-state defendant had attorney immunity from plaintiff's claims); *see also Esparza v. Paragon Shipping, Inc.*, No. 2:13-CV-289, 2013 WL 6835239, at *5–7 (S.D. Tex. Dec. 23, 2013) (denying motion to remand and

concluding in-state defendant (a government entity) was improperly joined because plaintiff's petition failed to demonstrate waiver of governmental immunity).

Plaintiffs have no reasonable probability of recovery against Oasis Outback because their claims against it are barred under by the Protection of Lawful Commerce in Arms Act (15 U.S.C. § 7901 *et seq.*) (the "PLCAA"), and Plaintiffs' only alleged exception is inapplicable. Accordingly, Oasis Outback is improperly joined, and its presence does not preclude diversity jurisdiction.

> **a.** **Plaintiffs fail to state a claim against Oasis Outback upon which relief can be granted because they impermissibly lump this non-diverse defendant with the diverse defendants.**

In the majority of the recent lawsuits filed against Oasis Outback, the plaintiffs allege separate causes of action against it.[4] Plaintiffs, however, have not done the same in this case.

Instead of pleading separate causes of action against Oasis Outback, Plaintiffs globally assert their claims against this defendant along with the seven other defendants. Plaintiffs plead a common law negligence claim in "CAUSE OF ACTION I ***AGAINST ALL DEFENDANTS***." Ex. A-2, p. 31-32 (emphasis added). Likewise Plaintiffs' negligence per se claim (Cause of Action III) is jointly brought against all Defendants. *Id.*, ¶ 121 ("The actions of these Defendants . . . constitute negligence per se."). Plaintiffs' claim for gross negligence is similarly "AGAINST ALL DEFENDANT." *Id.*, p. 33.[5] Plaintiffs do not plead a separate claim or allege any facts that Oasis Outback committed any tort.

---

[4] *See* Plaintiffs' Petition, *Rubio v. Daniel Defense*, 02:24-CV-00069-AM, Doc. 1, Ex. A-2, p. 112-116 (Fourteenth and Fifteenth Causes of Action);  Plaintiffs' Petition, *Gallegos v. Daniel Defense*, 02:24-CV-00070-AM, Doc. 1, Ex. A-2, p. 91-94 (separate negligence and gross negligence claims against Oasis Outback); Plaintiffs' Petition, *Mireles v. Daniel Defense*, 02:24-CV-00072-AM, Doc. 1, Ex. A-2, p. 103-105 (Fifteenth and Sixteenth Causes of Action);Plaintiffs' Petition, *Reyes v. Daniel Defense*, 02:24-CV-00073-AM, Doc. 1, Ex. A-2, p. 115-118 (Fourteenth and Fifteenth Causes of Action).

[5] In Cause of Action II, Plaintiffs assert product liability claims against Daniel Defense, Firequest International, Inc. and Flash Co., Inc.  *Id.*, ¶¶ 113 – 119.

By failing to plead specific claims and facts as to Oasis Outback, Plaintiffs fail to state a claim against this defendant, and it is improperly joined.  It is well established that "*[i]n the improper joinder context*, '[m]erely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state *specific actionable conduct against the non-diverse defendant*.'" *Lakeside FBCC, LP v. Everest Indem. Ins. Co.*, No. SA-17-CV-00491-XR, 2017 WL 3448190, at *3 (W.D. Tex. Aug. 10, 2017) (quoting *King v. Provident Life and Accident Ins. Co.*, No. 1:09-CV-989, 2010 WL 2730890, at *3 (E.D. Tex. June 4, 2010)) (emphasis added); *see  San Antonio Rose Palace v. Great Divide Ins. Co.*, No. 5:21-CV-71-DAE, 2021 WL 6750930, at *7 (W.D. Tex. May 28, 2021) (same); *Shiana Corp. v. Depositors Ins. Co.*, No. EP-18-CV-188-DB, 2019 WL 96586, at *4, 5 (W.D. Tex. Jan. 2, 2019) (same); *Stephenson v. Standard Ins. Co.*, No. SA:12-CV-01081-DAE, 2013 WL 3146977, at *13 (W.D. Tex. June 18, 2013) (same);[6] *see also Marc Ellman, MD., P.A. v. MDOffice LLC*, No. EP-21-CV-290-DB, 2022 WL 980640, at *3 (W.D. Tex. Mar. 31, 2022) (stating the "Fifth Circuit disapproves of shotgun pleadings" whose characteristics include attributing discrete actions to all or multiple defendants without explaining the basis for such grouping or distinguishing the relevant conduct of named defendants).

Consequently, when a plaintiff collectively asserts claims against diverse and non-diverse defendants, like this case, courts in the Western District repeatedly hold that the plaintiff failed to

---

[6] Sister courts similar follow the maxim that "merely lumping diverse and non-diverse defendants together in undifferentiated liability averments of a petition does not satisfy the requirement to state specific actionable conduct against the non-diverse defendant." *E.g.*, *Univ. Baptist Church v. Lexington Ins. Co.*, No. 4:17-CV-962-A, 2018 WL 580633, at *3 (N.D. Tex. Jan. 25, 2018); *Alvarez v. Allstate Fire & Cas. Co.*, No. 3:17-CV-1876-C, 2017 WL 11495453, at *2–3 (N.D. Tex. Sept. 21, 2017); *Calvary United Pentecostal Church v. Church Mut. Ins. Co.*, No. 4:15-CV-365, 2015 WL 5354827, at *3 (E.D. Tex. Sept. 14, 2015); *Saenz v. Safeco Ins. Co. of Indiana*, No. 7:15-CV-298, 2015 WL 13203459, at *2 (S.D. Tex. Oct. 16, 2015); *Hay v. Am. W. Home Ins. Co.*, No. 7:14-CV-522, 2014 WL 12599843, at *2 (S.D. Tex. Dec. 3, 2014); *see also Choice Expl. Inc. v. Gemini Ins. Co.*, No. 1:21-CV-00609-MJT, 2022 WL 19976340, at *2 (E.D. Tex. Jan. 28, 2022) (stating same and "[t]his is so even when the defendants are liable for many of the same offenses, as in the context of vicarious liability.").

168168

allege an actionable claim against the non-diverse defendant, denied the plaintiff's motion to remand, and dismissed the improperly joined defendant. *See Stephenson*, 2013 WL 3146977, at *13 ("Plaintiff globally alleges that 'Defendants' each committed the laundry-list violations listed above, making it difficult, if not impossible, to determine when and how each Defendant allegedly violated the Texas Insurance Code."); *Shiana Corp.*, 2019 WL 96586, at *5 ("Much like the Plaintiff in *Lakeside*, Shiana merely lumps together the actions of Depositors Insurances and Mr. Morgan, which is not enough to plead sufficient facts to state a claim for relief."); *San Antonio Rose Palace*, 2021 WL 6750930, at *7 ("Plaintiff not only failed to provide specific facts in support of its claims, but Plaintiff also failed to identify the specific sections of the Texas Insurance Code that Defendants Brill and Klink allegedly violated. . . . Plaintiff merely lumps all of the Defendants together and recites boilerplate language from that section. This does not satisfy a Rule 12(b)(6)-type of analysis.").

Similarly, sister courts in Texas also deny motions to remand and dismiss improperly joined defendants when plaintiffs assert collective allegations against diverse and non-diverse defendants. *See Choice Expl. Inc.*, 2022 WL 19976340, at *2 ("Plaintiffs generally group all Defendants together."); *Univ. Baptist Church*, 2018 WL 580633, at *3 ("It is not the job of the court to speculate which averments apply to individual defendants. Therefore, without more specificity the court is unable to infer that plaintiff has a right to relief against Forman that is plausible, and clearly its claims against Forman cannot survive the Rule 12(b)(6)-type analysis."); *James E. Bragg Post No. 4852 Veterans of Foreign Wars of United States v. Nova Cas. Co.*, No. 417CV00230ALMCAN, 2017 WL 3123863, at *5 (E.D. Tex. June 12, 2017), *report and recommendation adopted*, 2017 WL 3118069 (E.D. Tex. July 21, 2017) ("Here, Plaintiff has alleged no facts whatsoever against Miller independent from those alleged against Nova or Engle

12

Martin. . . . Because there are no factual allegations of independent conduct on Miller's part, Plaintiff does not state a claim that is plausible on its face against Miller."); *Alvarez*, 2017 WL 11495453, at *2 ("As for Plaintiff's contention that her generalized, collective allegations against 'Defendants' are legally sufficient, this Court has previously reached the opposite conclusion and determined that ***claims must be specifically asserted against an individual non-diverse defendant in order for that defendant to be properly joined***.") (emphasis added); *Saenz*, 2015 WL 13203459, at *2 ("The rest of the complaint refers to Nerio and Safeco as the indistinguishable conglomerate 'Defendants,' failing to distinguish the alleged conduct of Nerio from the conduct of Safeco. As Plaintiff's counsel is well aware, ***this practice of lumping diverse and non-diverse defendants together without distinguishing the basis for individual responsibility has been found insufficient on numerous occasions by the Fifth Circuit, this Court, and sister courts in this district***.") (emphasis added); *Hay*, 2014 WL 12599843, at *2 (S.D. Tex. Dec. 3, 2014) (same).

Plaintiffs' claims against Oasis Outback fail for the same reason as the claims against the non-diverse defendants in each of the above-cited cases. Plaintiffs collectively assert their causes of action for negligence, negligence per se, and gross negligence against all nine defendants. But Plaintiffs fail to plead any separate claims as to Oasis Outback (or even allege any facts that Oasis Outback engaged in tortious conduct). Accordingly, there is no reasonable basis for recovery against Oasis Outback, and it is improperly joined. *San Antonio Rose Palace*, 2021 WL 6750930, at *7; *Shiana Corp.*, 2019 WL 96586, at *5.

> **b.      Plaintiffs' claims against Oasis Outback are qualified actions under the PLCAA.**

Oasis Outback is entitled to immunity from Plaintiffs' claims because they constitute a "qualified civil liability action" barred under the PLCAA. With the PLCAA, Congress prohibited bringing any "qualified civil liability actions" in federal or state court.

13

(a) In general

A *qualified civil liability action* may not be brought in any Federal or State court.

15 U.S.C. § 7902(a) (emphasis added).  Congress defined a "qualified civil liability action" as follows:

The term "qualified civil liability action" *means a civil action or proceeding or an administrative proceeding brought by any person against a manufacturer or seller of a qualified product, or a trade association, for damages, punitive damages, injunctive or declaratory relief, abatement, restitution, fines, or penalties, or other relief, resulting from the criminal or unlawful misuse of a qualified product by the person or a third party* . . .

*Id.* at § 7903(5)(A) (emphasis added).

The PLCAA clearly prohibits civil actions against manufacturers and sellers for actual and punitive damages, injunctive or declaratory relief, as well as "other relief."  *Id.*  The statute provides immunity from suit as the Texas Supreme Court explained in *Academy*.

"By its terms, the Act bars plaintiffs from courts for the adjudication of qualified civil liability actions, allowing access for only those actions that fall within the Act's exceptions."  *The PLCAA thus "immunizes a specific type of defendant from a specific type of suit" and "bars the commencement or the prosecution of qualified civil liability actions."*

*In re Academy, Ltd.*, 625 S.W.3d 19, 35 (Tex. 2021) ("*Academy*") (quoting *City of New York v. Beretta U.S.A. Corp.*, 524 F.3d 384, 397–398 (2d Cir. 2008)) (emphasis added); *see Ileto v. Glock, Inc.*, 565 F.3d 1126, 1142 (9th Cir. 2009) (stating the PLCAA "creates a substantive rule of law granting immunity to certain parties against certain types of claims").

Plaintiffs' suit against Oasis Outback is a qualified civil liability action and, thus, is barred.

### (1)     Oasis Outback is a "seller" under the PLCAA.

Under the PLCAA, a protected "seller" includes "a dealer . . . who is engaged in the business as such a dealer in interstate or foreign commerce and who is licensed to engage in

14

business as such a dealer under chapter 44 of Title 18" (*i.e.*, the Gun Control Act of 1968 ("GCA")), and "a person engaged in the business of selling ammunition . . . at the wholesale or retail level." 15 U.S.C. § 7903(6)(b) & (c).  The GCA, in turn, defines the term "dealer" to mean "any person engaged in the business of selling firearms at wholesale or retail [or] any person engaged in the business of repairing firearms or of making or fitting special barrels, stocks, or trigger mechanisms to firearms."  18 U.S.C. § 921(a)(11).

The PLCAA likewise incorporates the GCA's definition of the term "engaged in the business."  15 U.S.C. § 7903(1).  The GCA defines "engaged in business," "as applied to a dealer in firearms," to mean "a person who devotes time, attention, and labor to dealing in firearms as a regular course of trade or business to predominantly earn a profit through the repetitive purchase and resale of firearms . . . ."  18 U.S.C. § 921(a)(21)(C).  Additionally, as applied to a dealer, "engaged in the business" means, in relevant part, "a person who devotes time, attention, and labor to engaging in such activity as a regular course of trade or business with the principal objective of livelihood and profit . . . ."  18 U.S.C. § 921(a)(21)(D).

Here, there can be no question that Oasis Outback is a "seller" under the PLCAA.  Plaintiffs plainly allege that Oasis Outback is a "dealer" "engaged in business" as a "dealer in firearms."  15 U.S.C. § 7903(6)(b) & (c); 18 U.S.C. § 921(a)(21)(C) & (D).  Specifically, Plaintiffs allege Oasis Outback sold firearms and helped facilitate the transfer of the Daniel Defense rifle he purchased online.  Ex. A-2, ¶ 13 (alleging Assailant purchased firearm from Oasis Outback); ¶ 14 (alleging Oasis Outback handled "completing of the ATF-mandated transfer paperwork" for Subject Firearm); ¶ 101 (alleging Assailant purchased ammunition from Oasis Outback).  Accordingly, it cannot be disputed that Oasis Outback is a firearms "dealer" and a "seller" for purposes of the PLCAA.

(2)     **Oasis Outback is a "seller" of "a qualified product" under the PLCAA.**

The PLCAA defines "qualified product" to mean "a firearm . . . *or* ammunition . . . *or* a component part of a firearm or ammunition, that has been shipped or transported in interstate or foreign commerce." 15 U.S.C. § 7903(4) (emphasis added).  As discussed, Plaintiffs plainly allege that Oasis Outback is a "seller" of both firearms and ammunition.  Ex. A-2, ¶¶ 22.2 – 22.3.  ***That is where the analysis begins and ends.***  Those allegations alone demonstrate that Oasis Outback is a protected "seller of a qualified product."  Therefore, this is a "qualified civil liability action."

(3)     **This case is a qualified civil liability action.**

In sum, Plaintiffs' petition satisfies all five elements of a "qualified civil liability action" against Oasis Outback.  ***First***, the petition is indisputably a "civil action or proceeding" because it is a lawsuit filed in state court.  ***Second***, the action is brought by multiple people –Plaintiffs.  ***Third***, the petition is brought against the seller of a qualified product.  *See* Ex. A-2, ¶ 13 (alleging Oasis Outback sold firearm to the Assailant).  ***Fourth***, Plaintiffs seek actual and exemplary damages from all Defendants.  *Id.*, p. 33-38.  ***Fifth***, Plaintiffs' claims against Oasis Outback result from "the criminal or unlawful use of a qualified product by" a "third party."  *Id.*, ¶¶ 72, 108, 114 (stating Assailant committed a massacre).

Plaintiffs' action against Oasis Outback is within the PLCAA's definition of a "qualified civil liability action."  Thus, Plaintiffs have no reasonable probability of success against Oasis Outback, and it is improperly joined unless Plaintiffs can adequately plead a statutory exception.  However, as shown below, Plaintiffs cannot plead a viable exception.[7]

---

[7] Unlike Plaintiffs in *Rubio* (02-24-CV-00069-AM), *Gallegos* (02-24-CV-00070-AM), *Mireles* (02-24-CV-00072-AM), and *Reyes* (02-24-CV-00073-AM), Plaintiffs in this case do not allege that: (1) Oasis Outback negligently installed the EOTech optical sight, (2) the sight is not a "qualified product and, thus, (3) such a claim is not subject to the PLCAA.  Again, Plaintiffs did not allege any separate claim against Oasis Outback.  However, even if Plaintiffs

16

### c. Plaintiff does not allege any PLCAA exception as to Oasis Outback.

The PLCAA provides six exceptions to qualified civil liability actions:

> **(i)** an action brought against a transferor convicted under section 924(h) of Title 18, or a comparable or identical State felony law, by a party directly harmed by the conduct of which the transferee is so convicted;

> **(ii)** an action brought against a seller for negligent entrustment or negligence per se;

> **(iii)** an action in which a manufacturer or seller of a qualified product knowingly violated a State or Federal statute applicable to the sale or marketing of the product, and the violation was a proximate cause of the harm for which relief is sought, including--

>> **(I)** any case in which the manufacturer or seller knowingly made any false entry in, or failed to make appropriate entry in, any record required to be kept under Federal or State law with respect to the qualified product, or aided, abetted, or conspired with any person in making any false or fictitious oral or written statement with respect to any fact material to the lawfulness of the sale or other disposition of a qualified product; or

>> **(II)** any case in which the manufacturer or seller aided, abetted, or conspired with any other person to sell or otherwise dispose of a qualified product, knowing, or having reasonable cause to believe, that the actual buyer of the qualified product was prohibited from possessing or receiving a firearm or ammunition under subsection (g) or (n) of section 922 of Title 18;

> **(iv)** an action for breach of contract or warranty in connection with the purchase of the product;

> **(v)** an action for death, physical injuries or property damage resulting directly from a defect in design or manufacture of the product, when used as intended or in a reasonably foreseeable manner, except that where the discharge of the product was caused by a volitional act that constituted a criminal offense, then such act

---

had alleged such a claim here, it would fail for the reasons Daniel Defense has previously explained. *See Rubio*, Notice of Removal at 14-18 (Doc. 1).

shall be considered the sole proximate cause of any resulting death, personal injuries or property damage; or

**(vi)** an action or proceeding commenced by the Attorney General to enforce the provisions of chapter 44 of Title 18 or chapter 53 of Title 26.

15 U.S.C. § 7903(5)(A).

Given Plaintiffs' failure to allege any cause of action specific to Oasis Outback, unsurprisingly, Plaintiffs also fail to allege any PLCAA exception specific to this Defendant. Unlike the plaintiffs in *Rubio*, *Gallegos*, *Mireles*, and *Reyes*, Plaintiffs do not assert a cause of action for or PLCAA exception against Oasis Outback based on negligent entrustment. Such an exception would fail because there is no cause of action in Texas for negligent entrustment based on the sale of a chattel and, thus no negligent entrustment exception as well. *See Academy*, 625 S.W.3d at 30 ("[N]o viable cause of action exists under Texas law for negligent entrustment based on a sale of chattel. In turn, we hold that the plaintiffs may not rely on the negligent-entrustment exception to pursue their claims."); *see also* Daniel Defense's Notice of Removal at 19-22 (Doc. 1), *Rubio v. Daniel Defense*, No. 02:24-CV-00069 (explaining why plaintiffs cannot assert a viable negligent entrustment exception against Oasis Outback because Assailant purchased the Subject Firearm). Nevertheless, Plaintiffs fail to allege any other exceptions specific to Oasis Outback.

> **(1)     Plaintiffs' negligence claims are not exceptions to the PLCAA and fail.**

Because none of the PLCAA's six enumerated exceptions apply, Plaintiffs have no viable claims. It does not matter that the claims assert general negligence or gross negligence theories. The PLCAA expressly preempts *all* general negligence actions resulting from the criminal or unlawful use of a qualified product. *Delana v. CED Sales, Inc.*, 486 S.W.3d 316, 321-22 (Mo. 2016).

Some examples are instructive.  For instance, the Alaska Supreme Court has explained that the PLCAA's exceptions "do not include general negligence, and reading a general negligence exception into the statute would make the negligence per se and negligent entrustment exceptions a surplusage." *In re Estate of Kim*, 295 P.3d 380, 386 (Alaska 2013).  The Ninth Circuit reached the same conclusion in *Ileto*, explaining that "Congress clearly intended to preempt common-law claims, such as general tort theories of liability[,]" including "classic negligence" claims.  *Ileto*, 565 F.3d at 1135-36.  Trial courts have followed suit.  The district court in *Jefferies v. District of Columbia*, for example, held the PLCAA "unequivocally" barred the plaintiff's negligence claim. 916 F. Supp. 2d 42, 46 (D.D.C. 2013); *see also Phillips*, 84 F.Supp.3d at 1226; *Travieso v. Glock Inc.*, 526 F. Supp. 3d 533, 542 (D. Ariz. 2021) ("the provisions of the [PLCAA] indicate Congress intended to generally preempt common law torts.").  Like the courts before it, this Court should decline to create exceptions to PLCAA immunity that Congress plainly did not provide and, in fact, expressly sought to preclude through the PLCAA. *Ileto*, 565 F.3d at 1135-36 ("Congress clearly intended to preempt common-law claims, such as general tort theories of liability").

In short, Plaintiffs' claims against Oasis Outback are barred by PLCAA.  Consequently, Plaintiffs have no reasonable probability of recover against this defendant, and it is improperly joined.

> **(2)   Plaintiffs cannot rely on an agency allegation to assert PLCAA exceptions against Oasis Outback because Plaintiffs fail to adequately allege agency.**

In their claims for negligence and negligence per se, Plaintiffs collectively allege violations of the Federal Trade Commission Act, Section 46.06(a)(2) of the Texas Penal Code (concerning the sale of firearms to minors), and Section 46.05(a) and 18 U.S.C. § 922(b)(4) (concerning machineguns) as ostensible bases for a predicate exception and a negligence per se exception. Ex.

168168

A-2, ¶¶ 110-111, 122.  Again, Plaintiffs do not plead any facts that Oasis Outback violated any of these statutes.  Rather, Plaintiffs attempt to connect Oasis Outback with supposed violations of these statutes by alleging Oasis Outback was Daniel Defense's agent.  *Id.*, ¶¶ 44, 101, 112.  There is no legal basis upon which to argue that a PLCAA exception applicable to a principal automatically applies to its agent.[8]  But even if there were such a basis, Plaintiffs cannot rely upon it here to establish any PLCAA exception as to Oasis Outback because Plaintiffs fail to plead any facts that Oasis Outback was Daniel Defense's agent.

An agency relationship can exist based on actual authority or apparent authority.  *See Reliant Energy Services, Inc. v. Cotton Valley Compression, L.L.C.*, 336 S.W.3d 764, 783 (Tex. App.—Houston [1st Dist.] 2011, no pet.) ("An agent's authority to act on behalf of a principal depends on words or conduct by the principal either to the agent (actual authority) or to a third-party (apparent authority)"); *Sanders Oil & Gas GP, LLC v. Ridgeway Elec.*, 479 S.W.3d 293, 301 (Tex. App.—El Paso 2015, no pet.) (same); *Utilities Optimization Group, L.L.C. v. TIN, Inc.*, 440 Fed. Appx. 249, 253 (5th Cir. 2011) (same); *see also United States v. Ruth*, No. A-14-CA-523-SS, 2015 WL 7292567, at *4 (W.D. Tex. Nov. 16, 2015) ("Failing actual authority, an agent may bind a principal based on apparent authority").  Plaintiffs, however, offer only a conclusory allegation that Oasis Outback was Daniel Defense's agent, without alleging any facts of either actual or apparent authority.

---

[8] Plaintiffs' allegation of agency also fundamentally misunderstands the concept.  Under agency theory, "a principal is subject to liability for the torts of its agent if the agent commits the torts while acting with actual authority; or if the agent commits the tort 'when acting with apparent authority in dealing with a third party on or purportedly on behalf of the principal.'"  *United States ex rel. Miniex v. Houston Hous. Auth.*, No. 21-20435, 2023 WL 6174416, at *4 (5th Cir. Sept. 22, 2023).  Plaintiffs do not allege Oasis Outback committed any specific tort that Daniel Defense is liable for as the principal.  Again, Plaintiffs do not allege any claims specific to Oasis Outback.  Instead, Plaintiffs impermissibly attempt to use agency theory to hold the latter liable for the torts of the principal.

             **(a)**     **Plaintiffs fail to sufficiently plead actual authority.**

Plaintiffs plead no facts to establish actual authority. Under Texas law, "the essential element of an agency relationship is the right of control. The alleged principal must have the right to control both the means and the details of the process by which the alleged agent is to accomplish his task." *Matter of Carolin Paxson Advert., Inc.*, 938 F.2d 595, 598 (5th Cir. 1991) (citations omitted); *see Karl Rove & Co. v. Thornburgh*, 39 F.3d 1273, 1296, n. 111 (5th Cir. 1994) (same); *ADT LLC v. Capital Connect, Inc.*, No. 3:15-CV-2252-G, 2017 WL 1426302, at *4 (N.D. Tex. Apr. 21, 2017) (same).

A party must allege facts identifying how the principal exercised its right of control in order to avoid dismissal of an agency claim. *See Schakosky v. Client Services, Inc.*, 634 F. Supp. 2d 732, 736 (E.D. Tex. 2007) (dismissing agency claim because plaintiff failed to allege facts demonstrating principal exercised control over agent); *see also E.S. v. Best W. Int'l, Inc.*, 510 F. Supp. 3d 420, 429 (N.D. Tex. 2021) (denying request to dismiss claim, based on actual authority, because plaintiffs alleged facts that defendants exercised right of control over hotels by hosting online bookings, setting parameters on employee wages, mandating building and maintenance standards, creating standardized training, and regularly inspecting facilities and operations); *Hee Sook Nam v. Tex Net, Inc.*, No. 3:20-CV-1132-S, 2021 WL 535852, at *5 (N.D. Tex. Feb. 12, 2021) ("Plaintiff does not allege that Gene Surh (as the alleged principal) had the right to control Dae Surh's actions (as the alleged agent) . . . .  Absent proof of the right to control, Plaintiff has not stated sufficient facts to demonstrate an agency relationship between Dae Surh and Gene Surh.").

Here, Plaintiffs offer only the conclusory allegation that Oasis Outback was Daniel Defense's agent, without stating any facts showing Daniel Defense exercised control over Oasis Outback. Ex. A-2, ¶¶ 44, 101, 112.  To the contrary, Plaintiffs allege that Daniel Defense shipped

the Subject Firearm to Oasis Outback "for completion of the ***ATF-mandated*** transfer paperwork." *Id.*, ¶ 14 (emphasis added).  Rather than allege any right of control by Daniel Defense, Plaintiffs assert (correctly) that the ATF mandates the transfer process.  *Id.*  Plaintiffs have thus failed to allege actual authority as the basis for an agency relationship.

> **(b)** **Plaintiffs fail to sufficiently plead apparent authority (and they never can).**

Nor do Plaintiffs plead any facts to demonstrate apparent authority.  "[A]pparent authority arises when a principal intentionally or negligently ***induces parties*** to believe that a person is the principal's agent although the principal has not conferred any authority on that person." *Protect Envtl. Services, Inc. v. Norco Corp.*, 403 S.W.3d 532, 540 (Tex. App.—El Paso 2013, pet. denied) (emphasis added); *see WestRock Co. v. Douglas*, No. 4:22-CV-2646, 2023 WL 8000333, at *13 (S.D. Tex. Sept. 28, 2023), *report and recommendation adopted sub nom.*, 2024 WL 990052 (S.D. Tex. Mar. 7, 2024) (same); *Howard v. Forest River, Inc.*, No. 9:15-CV-162, 2017 WL 6028577, at *2 (E.D. Tex. Dec. 4, 2017) (same).  The plaintiff must show that "he or she justifiably relied on the representation of authority." *Baptist Mem'l Hosp. Sys. v. Sampson*, 969 S.W.2d 945, 949 (Tex. 1998); *Montoya v. Las Palmas Med. Ctr.*, No. EP-14-CV-167-KC, 2014 WL 12877386, at *4 (W.D. Tex. Oct. 17, 2014) (same); *Cunningham v. Classic Star, L.L.C.*, No. A-06-CA-463-SS, 2007 WL 9710043, at *4 (W.D. Tex. June 19, 2007) (same).

If a party asserting agency based on apparent authority fails to allege facts that the plaintiff relied on the representation of authority, then the claim is subject to dismissal, with prejudice, as the Court in *E.S.* held.

> In the FAC, Plaintiff states the legal conclusion that an apparent agency relationship exists between each Movant Defendant and its respective brand hotels.  Plaintiff does not allege that each Movant Defendant held out its respective brand hotel to Plaintiff or the public as possessing authority to act on Movant Defendants' behalf, that any representation was made to

> Plaintiff by Movant Defendants, ***or that Plaintiff reasonably relied on any representation made by Movant Defendants***.  The Court finds that Plaintiff has failed to plead that Movant Defendants are vicariously liable under an apparent agency theory.

*Id.* at 430, 435 (citations omitted).

Here, Plaintiffs do not allege they relied on any representations that Oasis Outback was Daniel Defense's agent.  *See* Ex. A-2, ¶¶ 44, 101, 112 (asserting only conclusory allegation that Oasis Outback was Daniel Defense's agent).  Nor could Plaintiffs ever allege such reliance because they had no involvement in the underlying purchase.

Plaintiffs fail to plead any facts indicating Oasis Outback is an agent of Daniel Defense based on either actual or apparent authority.  They do not sufficiently allege an agency relationship.  Therefore, Plaintiffs cannot rely on agency theory to argue that PLCAA exceptions alleged as to Daniel Defense also apply to Oasis Outback.

### d.   Plaintiffs' claims against Oasis Outback fail irrespective of PLCAA.

Setting aside the PLCAA, Plaintiffs still have no reasonable probability of recovery against Oasis Outback because their claims against it fail under Texas law.

***First***, as discussed, Texas does not recognize a claim for negligent entrustment of a chattel.  *Academy*, 625 S.W.3d at 30-31.  Regardless of whether the claim is negligence-based on the alleged negligent entrustment/sale of a firearm, ammunition or the sight, the claim fails as a matter of Texas law.  This Court is bound by *Academy*, which forecloses ***any theory*** seeking to imposing liability on Oasis Outback for negligent entrustment of the products listed at ¶ 22.3(a)-(d)—regardless of whether the product is a qualified product under the PLCAA.  *Academy*, 625 S.W.3d at 31.

23

**Second**, Oasis Outback had no duty to prevent the Assailant's unforeseeable criminal conduct. In Texas, there generally "is no duty to control the conduct of third persons absent a special relationship between the defendant and the third party, such as employer, employee, independent contractor, contractee, [or] parent child." *Allen v. Wal-Mart Stores, LLC*, No. CV H-16-1428, 2017 WL 978702, *10 (S.D. Tex. Mar. 14, 2017) (citing *Greater Houston Transp. Co. v. Phillips*, 801 S.W.2d 523, 525 (Tex. 1990)). Within these special relationships, there is a presumed right and ability to control the conduct of third persons. But in the absence of such a relationship, there is no duty to control a third person's conduct that caused harm. *Loram Maintenance of Way, Inc. v. Ianni*, 210 S.W.3d 593, 596 (Tex. 2006). Here, because Oasis Outback did not have a recognized special relationship with the purchaser, it had no right or ability to control the purchaser's criminal use of the at-issue products, and, therefore, it did not have a duty to protect others from his criminal conduct.[9]

Absent a special relationship, Courts applying Texas law have refused to impose a duty to control the conduct of another and ordered dismissal based only on the pleadings. For example, in *Allen*, *supra*, the court declined to recognize a duty on the part of Wal-Mart to protect the plaintiff's decedent from harming herself despite an allegation that the harm was reasonably foreseeable. The plaintiff sued Wal-Mart, alleging negligence and negligence per se based on the

---

[9] Even outside the context of traditional special relationships, Texas courts require the third party's condut to be unquestionably the foreseeable result of the defendant's alleged negligence to impose a duty. *See, e.g.*, *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311-12 (Tex. 1987) (tavern owed duty to not serve alcohol to a patron who it knew or should have known was intoxicated because "[t]he risk and likelihood of injury from serving alcohol to an intoxicated person whom the licensee knows will probably drive a car is as readily foreseen as injury resulting from setting loose a live rattlesnake in a shopping mall."); *Otis Engineering Corp. v. Clark*, 668 S.W.2d 307, 308-11 (Tex. 1983) (holding that employer who sent an employee home in an "extreme state of intoxication" owed a duty to person harmed by employee's negligence). The court in these cases imposed a duty on the tavern owner and employer to prevent another from driving while intoxicated because they had knowledge of both the person's intoxication and his intention to drive, and the foreseeable consequences of driving while intoxicated were not questioned. Another example is the property-liability line of cases. *See Timberwalk Apts. v. Cain*, 972 SW2d 749 (Tex. 1998); *De Lago Ptrs. v. Smith*, 307 SW 3d 762 (Tex. 2010).

24

sale of an "abusable volatile chemical in the form of a compressed inhalant" that was ultimately purchased and used by the plaintiff's decedent. *Allen*, at 2017 WL 978702, at *2. In response to Wal-Mart's motion to dismiss, the plaintiff argued that Wal-Mart owed the decedent a duty to refrain from this sale because it was "reasonably foreseeable" that the product would be "misused" based on the nature of the chemical and the decedent's purchase of a towel that "could be used as paraphernalia" to inhale the chemical. *Id.* at *3. In rejecting plaintiffs' argument, the court held that the plaintiff's allegations did not support a finding that it was reasonably foreseeable that the decedent intended to use the chemical product and the towel to harm herself. *Id.* at *16.

Even if the common law duty question is answered by considering only whether the harm inflicted on Plaintiffs was foreseeable, Texas courts hold that intentional criminal conduct is ***not*** foreseeable. "Unlike alcohol, the sale of ammunition does not involve a product that impairs the user." *Cowart v. Kmart Corp.*, 20 S.W.3d 779, 784 (Tex. App.—Dallas 2000, pet. denied) (ammunition seller could not foresee that a sale would result in intentional misuse of the ammunition); *Chapman v. Oshman's Sporting Goods, Inc.*, 792 S.W.2d 785, 788 (Tex. App.—Houston [14th Dist.] 1990, writ. denied) (holding intentional criminal conduct was not the foreseeable result of the sale of a handgun, even when to an underage buyer); *Holder v. Bowman*, No. 07-00-0126-CV, 2001 WL 62596 (Tex. App.—Amarillo Jan. 25, 2001, pet. denied) (similar).

The result here must be the same because Plaintiffs fail to allege any facts to demonstrate that the purchaser's intentional criminal acts were foreseeable to Oasis Outback. Nor can the Court find the purchaser's crimes were foreseeable based simply on his "age"—under federal and Texas law, the eighteen-year-old Assailant legally purchased the firearm and ammunition at issue in this case. Therefore, age cannot be a foreseeability factor here.

In sum, Oasis Outback owed no duty to Plaintiffs, nor could it reasonably foresee the Assailant's horrific actions.  Plaintiffs cannot maintain their negligence claims against Oasis Outback —however they may be described—as a result.  And, because gross negligence must be predicated on a viable negligence claim, which does not exist in this case, this claim fails as well. *See Arana v. Figueroa*, 559 S.W.3d 623, 634 (Tex. App.—Dallas 2018, no pet.) ("A finding of ordinary negligence is a prerequisite to a finding of gross negligence.");  *Rayner v. Claxton*, 659 S.W.3d 223, 258 (Tex. App.—El Paso 2022, no pet.) (same).  Thus, Plaintiffs have no reasonable probability of recovery against Oasis Outback.

### e.      Oasis Outback is improperly joined.

Plaintiffs cannot recover against Oasis Outback.  All of Plaintiffs' claims are barred by the PLCAA and Texas law.  Plaintiffs cannot state a viable claim against Oasis Outback.  Accordingly, Plaintiffs have no reasonable probability of recovery against Oasis Outback, and it is improperly joined.  All remaining Defendants are diverse from Plaintiffs.  Consequently, diversity jurisdiction exists and removal is proper.

### 3.      The forum-defendant rule is inapplicable because Oasis Outback is not properly joined.

Under the "forum-defendant rule," a suit cannot be removed if "any of the parties in interest ***properly joined and served*** as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2) (emphasis added).  However,"[i]mproper joinder is a limited exception to the forum-defendant rule and the requirement of complete diversity."  *New Life Assembly of God of City of Pampa, Tex. v. Church Mut. Ins. Co.*, No. 2:15-CV-00051-J, 2015 WL 2234890, at *3 (N.D. Tex. May 12, 2015) (citing *Cuevas v. BAC Home Loans Servicing, LP,* 648 F.3d 242, 249 (5th Cir. 2011)).  The Fifth Circuit's standard for improper joinder specifically considers whether the in-state (forum) defendant was improperly joined to defeat diversity jurisdiction.  *See*

26

*Smallwood*, 385 F.3d at 573 (stating test for improper joinder "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an ***in-state defendant***, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an ***in-state defendant***") (emphasis added); *Cuevas*, 648 F.3d at 249 (same, quoting *Smallwood*); *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (same); *see also Taylor v. Cavender Buick of Tex. Ltd.*, No. SA-16-CV-724-XR, 2016 WL 6581353, at *1-3 (W.D. Tex. Nov. 7, 2016) (citing *Lucien* and denying motion to remand after concluding forum defendant was improperly joined).

This Court has repeatedly denied motions to remand after finding that a Texas defendant was improperly joined and complete diversity existed. *E.g.*, *Irma Blas v. Rosen*, No. DR-18-CV-66-AM, 2019 WL 5199284, at *7 (W.D. Tex. July 16, 2019); *ALGC, Inc. v. United States Liab. Ins. Group*, No. DR-17-CV-061-AM-VRG, 2018 WL 5733184, at *9 (W.D. Tex. Aug. 17, 2018), *report and recommendation adopted sub nom.*, 2018 WL 5733155 (W.D. Tex. Sept. 19, 2018); *Segura v. Gen. Motors LLC*, No. DR:14-CV-0077-AM/VRG, 2015 WL 13805702, at *4 (W.D. Tex. Sept. 30, 2015); *Rodriguez v. Wal-Mart Stores Tex., LLC*, No. DR-12-CV-50-AM/CW, 2013 WL 12393906, at *6 (W.D. Tex. Mar. 30, 2013). More recently, the Court confirmed the improper joinder doctrine extends to the forum-defendant rule. *Mimosa Properties, LLC v. Third Coast Ins. Co.*, No. DR-22-CV-008–AM/CW, 2023 WL 11691700, at *4 (W.D. Tex. Mar. 31, 2023).

As shown above, Plaintiffs improperly joined Oasis Outback. Accordingly, the forum-defendant rules does not apply here to preclude removal.

**III.**
**ALL OTHER DEFENDANTS EITHER CONSENT**
**TO REMOVAL OR HAVE NOT YET BEEN SERVED**

"[A]ll defendants who have been properly joined ***and served*** must join in or consent to the removal of the action."   28 U.S.C.  §  1446(b)(2)(A)  (emphasis added). The consent of an improperly joined defendant like Oasis Outback is not required for removal.  *Id.*; *see Mauldin v. Allstate Ins. Co.*, 757 Fed. Appx. 304, 309 (5th Cir. 2018) (stating "this court has repeatedly made clear that a removing defendant 'need not obtain the consent of a co-defendant that the removing party contends is improperly joined'").  Nevertheless, Oasis Outback consents to this removal.  Ex. H.

Defendant Firequest International, Inc. consents to this removal.  Ex. I.

Defendants EOTech, LLC, Project Echo Holdings, LLC, and Koucar Management, LLC consent to this removal.  Ex. J and K.

Defendant Flash Co., Inc. has not yet been served in this case.  Ex. A-1.  A removing party need not obtain the consent of a defendant who has yet to be served.  *See Cadena v. ASI Lloyds*, No. SA-17-CV-01034-FB, 2018 WL 1904839, at *4 (W.D. Tex. Jan. 5, 2018), *report and recommendation adopted*, 2018 WL 1899750 (W.D. Tex. Feb. 13, 2018) (stating "because Alfaro had not been properly served at the time of removal, this Court should disregard Alfaro's Texas citizenship"); *Ahmed v. ASI Lloyds*, No. SA-17-CA-00336-FB, 2017 WL 9401067, at *2 (W.D. Tex. July 7, 2017), *report and recommendation adopted*, No. SA-17-CA-336-FB, 2017 WL 9403301 (W.D. Tex. Aug. 30, 2017) ("At the time of removal, Tom Long had not been served. Defendants who have not been served by the time of removal need not consent."); *Boyle v. JP Morgan Chase Bank*, No. 4:13CV454, 2013 WL 6000462, at *3 (E.D. Tex. Nov. 8, 2013) ("Chase correctly asserts that a defendant not properly served need not consent to removal, and it is

Plaintiff's obligation to request a citation and ensure that the citation, along with the petition is served."); *Ebert v. Wells Fargo Bank N.A.*, No. A-13-CV-805 LY, 2013 WL 12308217, at *4 (W.D. Tex. Nov. 12, 2013) (stating "the consent requirement applies only to those defendants who have been served"). Plaintiffs requested service on Flash Co., Inc. through the Texas Secretary of State. Ex. A-3 There is no record of the Texas Secretary of State forwarding the petition and citation to Flash Co., Inc. on file with the Uvalde County District Clerk Ex. A-1. The same day this notice was filed, counsel for Daniel Defense called the Uvalde County District Clerk and confirmed there was no record on file showing Defendant Flash Co., Inc. had been served. Accordingly, Flash Co., Inc.'s consent to removal is not required.

## IV.
## DANIEL DEFENSE'S NOTICE OF REMOVAL IS TIMELY

Because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiffs and all Defendants (apart from improperly joined Oasis Outback), Daniel Defense is entitled to remove this case to the United States District Court for the Western District of Texas, Del Rio Division. Removal is timely sought because Daniel Defense filed this notice before it even received service. Ex. A-1. *See* 28 U.S.C. § 1446(b) (stating defendant must remove case within 30 days of being served); FED. R. CIV. P. 6(a)(1)(C). Additionally, it has been less than one year since this action was originally commenced. *See* 28 U.S.C. § 1446(c).

## V.
## CONCLUSION

For the reasons stated above, Daniel Defense, LLC f/k/a Daniel Defense, Inc., Daniel Defense Holdings, LLC, and M.C. Daniel Group, Inc. respectfully remove this action now pending against it from the 38th Judicial District Court, Uvalde County, Texas, to this Honorable Court for trial and determination of all issues.

Respectfully submitted,

*/s/ David M. Prichard*
David M. Prichard
State Bar No. 16317900
E-mail:  dprichard@prichardyoungllp.com

David R. Montpas
State Bar No. 00794324
E-mail: dmontpas@prichardyoungllp.com

Prichard Young, LLP
Union Square, Suite 600
10101 Reunion Place
San Antonio, Texas 78216
(210) 477-7400 [Telephone]
(210) 477-7450 [Facsimile]

***COUNSEL FOR DEFENDANT,
DANIEL DEFENSE, LLC F/K/A
DANIEL DEFENSE, INC.,
DANIEL DEFENSE HOLDINGS, LLC,
AND M.C. DANIEL GROUP, INC.***

30

168168

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of July 2024, I served the following counsel of record through electronic service as authorized by the Federal Rules of Civil Procedure:

Robert P. Wilson
LAW OFFICES OF THOMAS J. HENRY
5711 University Heights, Suite 101
San Antonio, TX 78249
rwilson-svs@tjhlaw.com
***Counsel for all Plaintiffs***

*/s/ David M. Prichard*
David M. Prichard

168168