UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
DEL RIO DIVISION

| | |
|---|---|
| OSCAR ORONA, Individually, and as Next Friend of N.O., a Minor; CRISTINA OLIVAREZ, Individually, and as Next Friend of K.O., a Minor; ANGELICA RODRIGUEZ, Individually, and as Next Friend of L.G., a Minor; JOSE FLORES, Individually, and as Next Friend of J.F., Jr., Deceased; MANUEL LOZANO, Individually; LYLINA GARCIA, Individually; ALEJANDRO GARCIA, Individually, and as Representative of the Estate of Irma Garcia, Deceased; and ELSA AVILA,<br>    *Plaintiffs*,<br><br>v.<br><br>DANIEL DEFENSE, LLC; DANIEL DEFENSE HOLDINGS, LLC; M.C. DANIEL GROUP, INC.; FIREQUEST INTERNATIONAL, INC.; FLASH CO., INC.; EOTECH, LLC; PROJECT ECHO HOLDINGS, LLC D/B/A AMERICAN HOLOPTICS; KOUCAR MANAGEMENT, LLC; and OASIS OUTBACK, LLC,<br>    *Defendants*. | CASE NO. 2-24-cv-00074-AM-JAC<br><br>Jury Trial Demanded pursuant to Fed. R. Civ. P. 38(b)<br><br>Removed from Case No. 2024-05-35547-CV in the 38th Judicial District Court of Uvalde County, Texas |

**DEFENDANT OASIS OUTBACK, LLC'S RESPONSE TO PLAINTIFFS' OPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Oasis Outback, LLC ("Oasis") files this Response to Plaintiffs' Opposed Motion for Leave to Amend Complaint. *See* Dkt. 29. Oasis opposes Plaintiffs' proposed amendment because it is futile.

    **I.**    **INTRODUCTION AND BACKGROUND**

This lawsuit arises from the criminal shooting at Robb Elementary in May 2022 perpetrated by an 18-year-old (the "Shooter" or "Purchaser"). Oasis is a local sporting goods store that also serves as a firearms dealer to complete online

purchases made directly from gun manufacturers. Plaintiffs are victims of the Shooter's crimes.

This case has been on file for five months. In August, Oasis moved to dismiss under Fed. R. Civ. P. 12(b)(6), arguing it is immune from suit under the Protection of Lawful Commerce in Arms Act (15 U.S.C. §§ 7901–7903 ("PLCAA")). Dkt. 7. Plaintiffs did not amend their pleading under Rule CV-15 in response to Oasis's Motion to Dismiss. Oasis incorporates Dkt. 7, Oasis's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), as though set forth fully herein.

Now, without any substantive explanation or argument as to why it is necessary, Plaintiffs seek to amend their complaint. Their amendment would be futile. Plaintiffs' amendment, as it relates to Oasis, focuses on the negligent entrustment theory and the negligence cause of action that Plaintiffs seek to assert against Oasis. *Compare* Dkt. 29-1 at ¶¶ 553–576 with Dkt. 1-3 at ¶¶ 103–128. Plaintiffs' amended complaint expressly outlines Plaintiffs' negligent entrustment theory against Oasis as a seller of a product, although Texas law does not recognize a cause of action for negligent entrustment against a seller of a product. *See* Dkt. 29-1 at ¶¶ 553–572; *see infra* § II(A). Plaintiffs' amendment would also add additional factual allegations as to Oasis. *See* Dkt. 29-1. But Plaintiffs only seek to add these allegations to support their common-law negligence and negligent entrustment theories. There is no negligence exception to the PLCAA, and negligent entrustment is not a viable cause of action here. Thus, amendment would be futile, and this Court should deny Plaintiffs' motion for leave.

## II. ARGUMENT AND AUTHORITIES

### A. Texas does not recognize a cause of action for negligent entrustment against the seller of a product.

While the PLCAA recognizes negligent entrustment as an exception to immunity, it does not create the cause of action. 15 U.S.C. § 7903(5)(C) (PLCAA does not create "public or private cause[s] of action or remed[ies]."); *In re Academy, Ltd.*, 625 S.W.3d 19, 30 (Tex. 2021) ("*Academy*"). "Accordingly, courts generally apply state law on negligent-entrustment claims in evaluating whether the exception applies." *Academy*, 625 S.W.3d at 30; *see also Timperio v. Bronx-Lebanon Hosp. Ctr.*, 384 F. Supp. 3d 425, 434 (S.D.N.Y. 2019) (plaintiff must satisfy state law requirements for exception to apply); *Phillips v. Lucky Gunner, LLC*, 84 F. Supp. 3d 1216, 1225 (D. Colo. 2015) ("Although the PLCAA identifies negligent entrustment as an exception to immunity, it does not create a cause of action. Accordingly, the claim arises under state law.").

Texas does not recognize a negligent entrustment action against the seller of a product. *Nat'l Convenience Stores, Inc. v. T.T. Barge Cleaning Co.*, 883 S.W.2d 684, 687 (Tex. App—Dallas 1994, writ denied) (Jan. 12, 1995) ("[W]e find negligent entrustment does not apply to the sale of a chattel."); *Jaimes v. Fiesta Mart, Inc.*, 21 S.W.3d 301, 304 (Tex. App.—Houston [1st Dist.] 1999, pet. denied); *Allen v. Wal-Mart Stores, LLC*, No. CV H-16-1428, 2017 WL 978702, at *11 (S.D. Tex. Mar. 14, 2017) (collecting cases), motion for relief from judgment denied, 2017 WL 7688383 (S.D. Tex. May 31, 2017).

The Texas Supreme Court affirmed this rule in *Academy* where it rejected an argument that the PLCAA's negligent entrustment exception applied to Academy's sale of a gun to a mass shooter (at Sutherland Springs) because Academy allegedly "supplied the rifle to [the shooter] with reason to know that he was likely to use it in a manner involving unreasonable risk of harm." *Academy*, 625 S.W.3d at 30.  The Texas Supreme Court stated: "we agree with Academy that no viable cause of action exists under Texas law for negligent entrustment based on a sale of chattel.  In turn, we hold that the plaintiffs may not rely on the negligent-entrustment exception to pursue their claims." *Id.*

Similar allegations are at issue here, and the result must be the same.  In line with the holding of *Academy*, no viable cause of action exists for negligent entrustment (or sale/transfer) of a chattel in Texas.

B. **Because Plaintiffs seek to amend their complaint to add a cause of action that Texas does not recognize, amendment would be futile.**

The Court should deny leave to amend because it is futile.  "Amendments are futile where the proposed amendment fails to state a claim, and courts review them under the 'same standard of legal sufficiency as applies under Rule 12(b)(6).'" *Nix v. Major League Baseball*, 62 F.4th 920, 935–36 (5th Cir. 2023) (internal citation omitted).

The PLCAA applies to Plaintiffs' claims against Oasis; the parties have analyzed the PLCAA's applicability to the claims against Oasis throughout this lawsuit. *See, e.g.*, Dkts. 7, 11, and 29-1.  Because the PLCAA applies, the Court must dismiss Plaintiffs' claims unless they meet one of the PLCAA's exceptions.  For a

4

cause of action to be exempt, the action must exist under applicable state or federal law. *Academy*, 625 S.W.3d at 30.

The Texas Supreme Court was clear in *Academy*: "no viable cause of action exists under Texas law for negligent entrustment based on a sale of chattel. In turn, we hold that the plaintiffs may not rely on the negligent-entrustment exception to pursue their claims." *Id.* at 32. The Texas Supreme Court applied the PLCAA and dismissed the case. *Id.* at 24.

This Court is bound by the Texas Supreme Court's interpretation of Texas law. *Am. Int.'l Specialty Lines Ins. Co. v. Rentech Steel LLC*, 620 F.3d 558, 564 (5th Cir. 2010). As a result, any amendment offering facts allegedly supporting a claim for negligent entrustment / negligent sale is futile.

Plaintiffs have not and cannot argue against futility with respect to their claims against Oasis. "When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985); *see also Royal v. Integreon, Inc.*, No. 1:19-CV-822-RP, 2020 WL 13836729, at *2 (W.D. Tex. Apr. 15, 2020). Both futility grounds are present in this case.

First, Texas law sets a clear bar to Plaintiffs' theory of recovery against Oasis because there is no viable cause of action under Texas law for negligent entrustment / negligent sale based on the sale of a chattel. *Academy*, 625 S.W.3d at 30.

5

Second, to the extent the Plaintiffs advance a common-law negligence theory of recovery, there is no negligence exception to the PLCAA. *See Delana v. CED Sales, Inc.*, 486 S.W.3d 316, 321–22 (Mo. 2016) (PLCAA expressly preempts *all* general negligence actions resulting from the criminal or unlawful use of a qualified product); *see also In re Estate of Kim*, 295 P.3d 380, 386 (Alaska 2013) ("statutory exceptions do not include general negligence, and reading a general negligence exception into the statute would make the negligence per se and negligent entrustment exceptions a surplusage"); *Ileto v. Glock, Inc.*, 565 F.3d 1126, 1135–36 (9th Cir. 2009) ("Congress clearly intended to preempt common-law claims, such as general tort theories of liability[,]" including "classic negligence" claims); *Jefferies v. District of Columbia*, 916 F. Supp. 2d 42, 46 (D.D.C. 2013) (holding the PLCAA "unequivocally" barred the plaintiff's negligence claim); *Phillips v. LuckyGunner, LLC*, 84 F. Supp. 3d 1216, 1220 (D. Colo. 2015); *Travieso v. Glock Inc.*, 526 F. Supp. 3d 533, 542 (D. Ariz. 2021) ("the provisions of the [PLCAA] indicate Congress intended to generally preempt common law torts."). Accordingly, a claim for common-law negligence is not a viable exception to the PLCAA, so any amendment adding a common-law negligence cause of action is futile.

For each of these reasons, the Court is well within its discretion to deny Plaintiffs leave to amend their complaint.

### III.  CONCLUSION AND PRAYER

The PLCAA creates a substantive right of immunity for firearm and ammunition sellers not to be sued for harm caused by the criminal or unlawful misuse of qualified products. *See* 15 U.S.C. § 7902(a). This is a "qualified civil liability

action" for which Oasis has immunity under the PLCAA, and the negligent entrustment exception cannot apply to save Plaintiffs' claims from dismissal. This case is indistinguishable from *Academy*. 625 S.W.3d 19 (Tex. 2021). Unless and until Texas law changes or Congress rewrites PLCAA, the result in this case must be the same.

For these reasons, Oasis asks the Court to deny Plaintiffs' request for leave to amend their complaint as to Oasis and to order the immediate dismissal of each of Plaintiffs' claims against Oasis. Alternatively, should the Court be inclined to grant Plaintiffs' Opposed Motion for Leave, Oasis requests that the Court grant Oasis leave to respond to Plaintiffs' First Amended Complaint within 21 days of the Court's order granting Plaintiffs' Opposed Motion for Leave.

Respectfully submitted,

**GRAY REED**

*/s/ A.M. "Andy" Landry, III*
A.M. "Andy" Landry III
State Bar No. 11868750
J.J. Hardig, Jr.
State Bar No. 24010090
1300 Post Oak Blvd., Suite 2000
Houston, Texas 77056
(713) 986-7000 (Telephone)
(713) 986-7100 (Fax)
Email: alandry@grayreed.com
Email: jhardig@grayreed.com

-and-

**JEFFERSON CANO**

*/s/ Lamont A. Jefferson*
Lamont A. Jefferson
State Bar No. 10607800
Emma Cano
State Bar No. 24036321
122 E. Pecan St., Suite 1650
San Antonio, Texas 78205
(210) 988-1808 (Telephone)
(210) 988-1808 (Fax)
Email: ljefferson@jeffersoncano.com
Email: ecano@jeffersoncano.com

**ATTORNEYS FOR DEFENDANT OASIS OUTBACK, LLC**

4889-0845-8739.1

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on this 25th day of October, 2024.

*/s/ A.M. "Andy" Landry, III*
A.M. "Andy" Landry, III