UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| OSCAR ORONA, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 2:24-CV-00074 |
| | § | |
| DANIEL DEFENSE, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT FIREQUEST INTERNATIONAL, INC.'S**
**OPPOSED MOTION FOR LEAVE TO FILE REPLY**

Defendant Firequest International, Inc. ("Firequest") files this Motion for Leave to File its Reply in Support of Its Motion to Dismiss for Failure to State a Claim (ECF No. 12) and respectfully shows the Court as follows:

**I.**
**BACKGROUND**

This case is one of *eleven* very similar cases pending in this Court arising out of the Uvalde school shooting.[1] The defendants in these cases are mostly the same, but the plaintiffs are different and are represented by several different counsel.

Many motions are pending in these cases, including motions to remand filed by the plaintiffs in each case, and Rule 12(b)(6) motions to dismiss filed by multiple defendants in each

---

[1] *See* Case Nos. 2:24-cv-69-AM (*Rubio et al. v. Daniel Defense, LLC et al.*), 2:24-cv-70-AM (*Gallegos v. Daniel Defense, LLC et al.*), 2:24-cv-72-AM (*Mireles et al. v. Daniel Defense, LLC et al.*), 2:24-cv-73-AM (*Reyes et al. v. Daniel Defense, LLC et al.*), 2:24-cv-74-AM (*Orona et al. v. Daniel Defense, LLC et al.*), 2:24-cv-76-AM (*Camacho et al. v. Daniel Defense, LLC et al.*), 2:24-cv-77-AM (*Gonzalez et al. v. Daniel Defense, LLC et al.*), 2:24-cv-79-AM (*Lopez et al. v. Daniel Defense, LLC et al.*), 2:24-cv-68 (*Albarado et al. v. Daniel Defense, LLC et al.*), 2:23-cv-28 (*Torres et al v. Daniel Defense, LLC et al.*), 2:24-cv-80 (*Marin v. Daniel Defense, LLC, et al.*).

case. In several of the cases, the plaintiffs filed agreed or unopposed motions asking for a particular

briefing schedule, some of which this Court granted and some it denied.

In this case, Firequest filed a Rule 12(b)(6) Motion to Dismiss and agreed to a briefing

schedule with Plaintiffs that made Firequest's Reply in support of its motion due by January 27,

2025. Plaintiffs then filed an unopposed motion seeking an extension and briefing schedule on

Firequest's motion that included this deadline. The Court, however, has not ruled upon the motion,

and has not addressed the deadline for Firequest's Reply. Plaintiffs later filed a Motion for Leave

to Exceed Page Limits, attaching their Response to Firequest's Motion to Dismiss. That motion

has also not been ruled upon. Now, Plaintiffs take the position that Firequest cannot file a Reply

in support of its motion because the deadline for its Reply under the local rules has passed.

Firequest seeks leave to file the attached Reply (**Exhibit 1**).

The relevant procedural history is as follows:

- On August 21, 2024, Firequest filed its Motion to Dismiss. ECF No. 12.

- On September 4, 2024, the parties filed an Unopposed Motion to Extend Time, which the Court granted, setting Plaintiffs' response deadline on November 15, 2024. ECF No. 16.

- On October 22, 2024, Plaintiffs and Firequest agreed to extend Plaintiffs' Response deadline to December 13, 2024 and Firequest's Reply deadline to January 27, 2025. *See* Email Correspondence with Koskoff Firm (attached as **Exhibit 2**). Plaintiffs filed a Motion to Extend on October 25, 2024 that reflected this agreement. *See* ECF Nos. 30, 32. The Court has not ruled on the Motion.

- On November 22, 2024, Plaintiffs filed a Motion for Leave to Exceed Page Limits, attaching their putative Response to Firequest's Motion to Dismiss. ECF No. 42. The Court has not ruled on the Motion.

## II.
## ARGUMENT

Federal Rule of Civil Procedure 6(b) provides that a court may "for good cause" extend

the time for filing "if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b).

The Court has broad discretion to extend deadlines under Rule 6(b). *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 275-76 (5th Cir. 2015); *Cable/Home Commc'n Corp. v. Network Prods., Inc.*, 902 F.2d 829, 859 (11th Cir. 1990); *Lorenz v. Wal-Mart Stores, Inc.*, No. SA 05 CA 0319 OG(NN), 2006 WL 581215, at \*1 (W.D. Tex. Mar. 7, 2006).

Good cause exists to grant Firequest's request to file its Reply on January 27, 2025. First, Plaintiffs and Firequest agreed that Firequest's Reply in Support of its Motion to Dismiss would be due on January 27, 2025. Plaintiffs even filed a motion that memorialized this agreement. *See* ECF Nos. 30, 32. Second, the rules do not require or contemplate that Plaintiffs must respond to Firequest's Reply, so the timing of Firequest's Reply will not prejudice Plaintiffs. And third, Firequest's Reply is not yet due, despite Plaintiffs' position otherwise. The parties agreed that Firequest's Reply would be due on January 27, 2025, and Firequest therefore calendared that date for its Reply. However, the Court has not ruled upon the Motion memorializing the parties' agreement. Nor has the Court ruled upon Plaintiffs' Unopposed Motion to Exceed Page Limits enclosing Plaintiffs' Response. Firequest's Reply is not due until the Court rules upon Plaintiffs' Unopposed Motion to Exceed Page Limits and Plaintiff's Response is entered, so there is no neglect or prejudice. However, in the interest of judicial efficiency and in accordance with the agreement of the parties, Firequest respectfully seeks to now file its Reply.

### III.
### CONCLUSION AND PRAYER

For the reasons set forth herein, Firequest requests leave to file its Reply in Support of its Motion to Dismiss, attached as Exhibit 1, and that the attached Reply be accepted for filing.

Respectfully submitted,

Hicks Thomas LLP

By: /s/ J. Stephen Barrick
J. Stephen Barrick
Texas Bar No. 00796168
sbarrick@hicks-thomas.com

John B. Thomas
Texas Bar No. 19856150
jthomas@hicks-thomas.com

D. Ryan Cordell, Jr.
Texas Bar No. 24109754
rcordell@hicks-thomas.com

700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 547-9100 (Telephone)
(713) 547-9150 (Facsimile)

ATTORNEYS FOR DEFENDANT
FIREQUEST INTERNATIONAL, INC.

## CERTIFICATE OF CONFERENCE

I certify that counsel conferred regarding the request for leave sought in this motion and Plaintiffs are opposed.

/s/ J. Stephen Barrick
J. Stephen Barrick

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on January 27, 2025.

/s/ J. Stephen Barrick
J. Stephen Barrick

4