# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| OSCAR ORONA, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 2:24-CV-00074 |
| | § | |
| DANIEL DEFENSE, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT FIREQUEST INTERNATIONAL, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Defendant Firequest International, Inc. ("Firequest") files this Reply in Support of Its Motion to Dismiss for Failure to State a Claim (ECF No. 12) and respectfully shows the Court as follows:

**I.**
**Overview**

Plaintiffs' response seems to lose sight of what they have alleged against Firequest. Firequest is not alleged to have designed, manufactured, advertised, distributed, or controlled any firearm. It is alleged to have advertised and sold a small piece of metal, called a "Hellfire," that snaps onto the grip of a semi-automatic firearm and is supposed to enable the firearm to fire more rapidly. *See* Plaintiffs' Original Petition ("Pet.") (ECF No. 1-3). Plaintiffs have alleged no facts to suggest that the Hellfire was actually used in the Uvalde school shooting, only conclusory assertions that it was. *See id.* ¶ 16, 77-82, 84.

To state a viable claim against Firequest for negligently selling its product, Plaintiffs have to allege that the purchaser manifested at the time of the sale that if possessed of the device, he would use it to harm others. *See* Firequest Mot. at 7. Plaintiffs cannot allege any such facts, so

their response focuses instead on Firequest's alleged advertising. *See* Resp. at 8-13 (ECF No. 42-1). Plaintiffs suggest that Firequest may be liable for negligence based on the criminal conduct of a third party simply because of imagery in Firequest's alleged advertisements, irrespective of whether the product itself is defective or unreasonably dangerous under the law. *See id.* But they cannot cite a single case in Texas holding that the seller of a non-defective product may be liable in negligence based on its advertising.

Plaintiffs also attempt to save their negligence claim by doubling down on their allegation that the Hellfire device is an illegal "machinegun." *See* Resp. at 15-19. But their argument is implausible. The U.S. Supreme Court recently held that a device that merely enable the rapid functioning of a firearm's existing trigger mechanism—like the Hellfire—is not a machinegun as a matter of law. *Garland v. Cargill*, 602 U.S. 406, 410, 421 (Tex. 2024). Plaintiffs suggest that the Hellfire is different, pointing to advertisements touting it as unique, but their own allegations confirm it is not a device that alters the trigger mechanism so that it can fire multiple rounds with "a single function of the trigger." Therefore, it cannot be an illegal machinegun, and Plaintiffs' allegations to the contrary are baseless.

Plaintiffs' Petition fails to allege facts that plausibly could support a cause of action against Firequest under Texas law. Therefore, all claims against Firequest should be dismissed for failure to state a claim.

## II.
## The Petition Fails to Allege Actionable Negligence

Manufacturers and distributors of products have a well-defined duty not to introduce products that are defective or unreasonably dangerous. *Caterpillar v. Shears*, 911 S.W.2d 379, 382 (Tex. 1995). But Plaintiffs have not alleged that against Firequest. Instead, they alleged that Firequest was negligent in selling a Hellfire device to the Uvalde school shooter. *See* Pet. ¶¶ 103-

28. And now that Firequest highlights that it has no duty to investigate the purchasers of its products, and cannot be liable for selling the product if the purchaser did not manifest any dangerous tendencies at the time of the sale, Plaintiffs shift to arguing that Firequest was negligent because of its *advertising*. *See* Resp. at 7-12. Except Texas law does not recognize an independent legal duty to advertise products in a certain way if the product is not otherwise defective or unreasonably dangerous under the law. *See Toshiba Int'l Corp. v. Henry*, 152 S.W.3d 774, 778 (Tex. App.—Texarkana 2004, no pet.) (holding product manufacturers have no duty to protect the public from a third party's unlawful use of a non-defective product).

    Plaintiffs argue that product sellers may be liable for any foreseeable harm that may be traced to something they did, but that is false. "Courts may not hold people to very general duties of exercising ordinary care in all circumstances." *Elephant Ins. Co., LLC v. Kenyon*, 644 S.W.3d 137, 145 (Tex. 2022). The seller must breach a recognized legal duty, and that breach must be the proximate cause of the plaintiff's injury. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Plaintiffs have not alleged the breach of any recognized legal duty. Plaintiffs suggest that Firequest has a legal duty to advertise its products so as not to encourage a purchaser to misuse them, but it cites no authority in Texas for that proposition. Not one of the cases Plaintiffs cite from Texas involve a claim for negligent advertising. *See* Resp. at 8-10. They all involve well-recognized, traditional tort duties, such as the duty not to sell a defective product, the duty not to knowingly serve alcohol to an intoxicated person, the duty to exercise care in operating a motor vehicle, the duty of a store owner to protect invitees from dangerous conditions on the premises, and the duty of a property owner to exercise care over who has access to their property.[1]

---

[1] *See El Chico Corp. v. Poole*, 732 S.W.2d 306, 312, 315 (Tex. 2007) (duty not to knowingly sell alcohol to an intoxicated or insane person or to a habitual drunkard); *Peek v. Oshman's Sporting Goods, Inc*., 768 S.W.2d 841, 847

3

Plaintiffs have not alleged facts that could support a finding that Firequest breached a recognized legal duty that proximately caused their injuries. Instead, they are inappropriately trying to use this case to create new legal duties for anyone doing business in Texas that would make it legally hazardous for them to advertise their products. Plaintiffs' negligence claim against Firequest should be dismissed for failure to state a claim. And, because all of Plaintiffs' claims against Firequest depend upon their allegations of negligence, all claims against Firequest should be dismissed.

### III.
### The Hellfire Is Not a Machinegun

Plaintiffs' allegations negate any suggestion that the Hellfire device is a "machinegun." For a device to be an illegal machinegun under state or federal law, it must enable a weapon to fire multiple rounds with "a single function of the trigger." 18 U.S.C. § 922(b)(4), (o); 26 U.S.C. § 5845(b); TEX. PENAL CODE §§ 46.05(a)(1)(B), 46.01(9). The Supreme Court analyzed this language in *Garland v. Cargill* and held that a device that merely enables the rapid functioning of the existing trigger mechanism is *not a machinegun* under this definition. 602 U.S. at 410, 421. Whether the device enables the firearm to fire continuously or more rapidly is immaterial; as Judge O'Connor explained in *Nat'l Ass'n for Gun Rights, Inc. v. Garland*, "all that matters is whether more than one shot is fired each time the trigger functions." No. 4:23-CV-00830-O, 2024 WL 3517504, at *19-20 (N.D. Tex. July 23, 2024).

---

(Tex. App.—San Antonio 1989, writ denied) (duty not to sell firearm to a purchaser who manifests at the time of the sale that he would misuse the product to harm others); *Ethicon Endo-Surgery, Inc. v. Gillies*, 343 S.W.3d 205, 212-13 (Tex. App.—Dallas 2011, pet. denied) (duty not to sell defective product); *Carrion v. Ethicon Endo-Surgery, Inc.*, No. C-11-19, 2011 WL 649596 (S.D. Tex. Feb. 11, 2011) (duty not to sell defective product); *Travis v. City of Mesquite*, 830 S.W.2d 94, 98-99 (Tex. 1992) (duty to exercise care in the operation of a motor vehicle); *Finnigan v. Blanco County*, 670 S.W.2d 313, 317-18 (Tex. App.—Austin 1984, no writ) (duty to exercise care over property the defendant owns or controls); *Bicknell v. Lloyd*, 635 S.W.2d 150, 152 (Tex. App.—Houston [1st Dist.] 1982, no writ) (duty to exercise care over property the defendant owns or controls).

Plaintiffs have not and cannot allege that the Hellfire device does that. Rather, they allege that the Hellfire is simply a piece of metal that snaps onto the grip of an existing firearm. Pet. ¶ 34, 63. This Court applies common sense in evaluating whether the complaint states a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 663-64 (2009) (stating that "determining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense"). Everyday experience and common sense dictate that a small piece of metal that clips onto the handle of an existing firearm could not possibly alter the firearm's trigger mechanism such that it can fire multiple rounds with a "single function of the trigger." Plaintiffs argue that the Hellfire is different from a bumpstock or forced-reset trigger, citing advertisements touting it as unique, but that does change whether it alters the weapon's trigger mechanism so that it can fire multiple rounds with a single function of the trigger.

Plaintiffs also suggest that Texas law is different from federal law, but the relevant statutory wording is identical, and the Texas Supreme Court and Court of Criminal Appeals have not construed the language differently. In conducting an *Erie* guess,[2] there can be no doubt that the Texas Supreme Court would follow the U.S. Supreme Court's lead when the statutory language is identical. *See Morris v. JTM Materials, Inc.*, 78 S.W.3d 28, 46 (Tex. App.—Fort Worth 2002, no pet.) ("When the Texas Legislature adopts a statute with wording substantially similar to a federal statute, courts presume, absent some indication to the contrary, that the legislature intended to adopt the construction placed on the adopted wording by the federal courts, and Texas courts look to federal cases as a guide in interpreting the state statute.") (citing *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 360 (Tex. 2000)). Thus, under state or federal law, the Hellfire is

---

[2] On issues of state law, if the Texas Supreme Court has not addressed the matter, the Court is required to make an *Erie* guess as to how that court would decide the issue. *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 593 (5th Cir. 2011).

5

not an illegal machinegun, and the fundamental premise of Plaintiffs' negligence per se claims fails.

## IV.
## Leave to Amend Should be Denied

Plaintiffs request leave to amend their pleading if this Court finds they have failed to state a claim against Firequest. *See* Resp. at 19. But that assumes they could cure the deficiencies in their pleading. Here, any amendment would be futile because Plaintiffs cannot change the underlying facts. Plaintiffs' injuries were caused by the intentional, criminal acts of a third party, not by Firequest. And, even accepting Plaintiffs' factual allegations as true, Firequest could not have heard or observed any dangerous tendencies or intentions of the purchaser because he purchased the product online. No amendment of the pleadings can cure these fundamental deficiencies, and leave to amend should be denied. *See Yee v. Baldwin-Price*, 325 F. App'x 375, 380 (5th Cir. 2009) (leave to amend is properly denied when the amendment would be futile).

## V.
## Conclusion

Plaintiffs' allegations are insufficient to state a plausible claim for relief against Firequest. Therefore, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, all claims against Firequest should be dismissed for failure to state a claim.

Respectfully submitted,

Hicks Thomas LLP

By: */s/ J. Stephen Barrick*
J. Stephen Barrick
Texas Bar No. 00796168
sbarrick@hicks-thomas.com

John B. Thomas
Texas Bar No. 19856150
jthomas@hicks-thomas.com

D. Ryan Cordell, Jr.
Texas Bar No. 24109754
rcordell@hicks-thomas.com

700 Louisiana, Suite 2300
Houston, Texas 77002
(713) 547-9100 (Telephone)
(713) 547-9150 (Facsimile)

ATTORNEYS FOR DEFENDANT
FIREQUEST INTERNATIONAL, INC.

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was electronically served upon all counsel of record through the CM/ECF system on January 27, 2025.

*/s/ J. Stephen Barrick*
J. Stephen Barrick